UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PLUMBERS AND PIPEFITTERS LOCAL 525 HEALTH AND WELFARE TRUST AND PLAN, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> EXPERT SERVICES, INC., et al, <br><br> Defendant(s). | Case No. 2:14-CV-552 JCM (CWH) <br><br><br> ORDER |

Presently before the court is defendants' motion to dismiss or, in the alternative, for summary judgment. (Doc. # 7). Plaintiffs have responded (doc. # 8) and defendants have replied (doc. # 11).

Also before the court is plaintiffs' counter motion to extend time. (Doc. # 9). Defendants have responded (doc. # 12) and plaintiffs have replied (doc. # 13).

Finally before the court is plaintiffs' motion for voluntary dismissal. (Doc. # 18). Defendants have responded (doc. # 20) and plaintiffs have replied (doc. #21).

**I.   Background**

Plaintiffs are trustees of trust funds entitled to receive remittance payments from certain employers on behalf of employees covered by a collective bargaining agreement. Plaintiffs allege they are beneficiaries for the purposes of ERISA. Defendants are corporations that agreed to acquire certain intangible assets previously owned by a covered employer, non-party Lloyd's

Refrigeration, Inc. ("Lloyd's").

Plaintiffs have filed the instant complaint seeking to recover allegedly unpaid contributions from these defendants that were owed by Lloyd's. Defendants filed the instant motion to dismiss, or alternatively for summary judgment, asserting that they are not the alter egos or successors to Lloyd's and therefore cannot be held liable to the trust funds for the unpaid contributions. In response, plaintiffs have filed the instant motion seeking to voluntarily dismiss their claims without prejudice with each side bearing its own costs and fees. Defendants agree to dismissal without prejudice, however, seek leave to move for attorneys' fees.

## II.     Legal Standard

Under Fed. R. Civ. P. 41(a)(2), a plaintiff may request dismissal of an action after the filing of an answer or motion for summary judgment by order of the court. The court has the discretion to dismiss a matter subject to any terms and conditions that it considers proper. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996).

## III.    Discussion

During informal discovery, defendants produced a document that suggested the plaintiffs' claims against defendants were without merit. As a result plaintiffs decided to voluntarily dismiss their complaint.

Plaintiffs assert that their swift attempt to resolve this dispute early on should be encouraged. They contend that their voluntary dismissal promotes judicial efficiency and saves both parties additional fees and that any other order would discourage parties from conducting informal discovery and attempting to quickly resolve disputes on their own.

The court is not entirely persuaded. A better policy to prevent the court and parties from wasting time and resources would be to encourage plaintiffs to thoroughly research and ensure

the merit of claims before filing. Here, the defendants incurred substantial expense from researching, preparing, and filing a response and motion to the plaintiffs' claims, which appear to be without merit. While the imposition of costs and fees is not mandatory, the defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorneys' fees. *Westlands,* 100 F.3d at 97.

The court concludes that it is proper to afford defendants an opportunity to move for appropriate fees. Defendants shall file their request in compliance with the applicable federal and local rules governing attorneys' fees within thirty (30) days of the issuance of this order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED plaintiffs' motion for voluntary dismissal (doc. # 18) be, and the same hereby is, GRANTED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that defendants' motion to dismiss or, in the alternative, for summary judgment (doc. # 7) and plaintiffs' counter motion to extend time (doc. # 9) are hereby DENIED as moot.

IT IS FURTHER ORDERED that defendants shall file their motion for attorneys' fees within 30 days of the issuance of this order.

DATED August 7, 2014.

_____
UNITED STATES DISTRICT JUDGE